IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC -1 AM 11: 44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| BILLY G. PIERSON, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 05-2488-B/V |
| | X | |
| SMITH & NEPHEW, INC., | X | |
| | X | |
| Defendant. | X | |
| | X | |

---

ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER IMPOSING RESTRICTIONS PURSUANT TO 28 U.S.C. § 1915(g)

---

On July 5, 2005, plaintiff Billy G. Pierson, Texas Department of Criminal Justice prisoner number 907177, an inmate incarcerated in the State of Texas,[1] filed a pro se complaint that purports to invoke the Court's jurisdiction pursuant to 42 U.S.C. § 1983. The Clerk shall record the defendant as Smith & Nephew, Inc.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing civil actions must pay

---

[1]     The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-1-05



the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.[3]

In this case, the plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund

---

[2]   Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

[3]   Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002).

In this case, it is not clear that this plaintiff is eligible to take advantage of the installment-payment provisions of § 1915(b). The Court is aware of one case filed by this plaintiff that has been dismissed for failure to state a claim. Pierson v. Gonzales, No. 5:03-CV-015-C (N.D. Tex. dismissed Feb. 19, 2003), aff'd, No. 03-10251 (5th Cir. Aug. 19, 2003) (per curiam). In affirming the dismissal of Pierson's appeal as frivolous, the Fifth Circuit stated that "[t]he district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Pierson for purposes of 28 U.S.C. § 1915(g)." Pierson v. Gonzales, No. 03-10251, slip op. at 2 (5th Cir. Aug. 19, 2003). It also appears likely that Pierson recently incurred a third "strike," as he filed a case on July 20, 2005 that was quickly dismissed after the defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) & (6). Pierson v. Battista, No. 05-CV-257 (W.D. Tex. dismissed Sept. 28, 2005). An earlier case was dismissed within days of filing. Pierson v. Cooper, No. 1:94-cv-00170 (N.D. Tex. dismissed Nov. 17, 1994). Because it is not possible to determine conclusively, through PACER, that Pierson is ineligible to take advantage of 28 U.S.C. § 1915(g), he will be permitted to do so in this case.

officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the plaintiff's prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.   Analysis of Plaintiff's Claims

        The factual allegations of the complaint consist, in their entirety, of the following:

> Smith & Nephew Inc. Orthopaedic Device manufacture as named Defendants in tort claim.
>
> • Defendants with a reckless disregard placed me the plaintiff in danger of death.
>
> • Defendants failure of sending a complete device assembly in there container or package. A device used as a prescription. Failure to precaution.
>
> • Defendants failure to send in there device package of container, labeling of device installation of instructions, for orthopaedic surgeons, or sponsor[.]
>
> • Defendants failure to send in there device package or container, labeling of caution and warning statement of unwanted adverse side effects, or device facts.

The prayer for relief asks for damages in the amount of $80 million. The prayer for relief also elaborates on the basis for the plaintiff's claim:

> 1.   Defendants tampering and adulterating a prescription device. Failure of sending labeling or caution and warning statements. Defendants are falsely [sic] and misleading.
>
> 2.   Defendants with reckless disregard placed me in danger of death under circumstances manifesting a extreme indifference implanted device has caused a obvious disfigurement of shortening left lower extremity and extreme physical pain with attempted motion with unlevel [sic] hip along with a sharp pointed adjustment screw that advanced into thigh muscle tissue that causes extreme pains.
>
> 3.   Defendants consumer product the ambi. compression hip screw with 3 hole plate fails to meet the requirements of the Food and Drug Administration

5

with formulates tampering, with life indangerment
[sic].[4]

The Court is required to screen prisoner complaints and

to dismiss any complaint, or any portion thereof, if the complaint—

(1)   is frivolous, malicious, or fails to state a
claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is
immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint is subject to dismissal in its entirety.

The plaintiff's complaint was filed on the form used for

commencing actions under 42 U.S.C. § 1983, which encompasses

violations of the federal Constitution or federal law by

individuals acting under color of state law. "A § 1983 plaintiff

may not sue purely private parties." Brotherton v. Cleveland, 173

F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to

suit under § 1983 claim, defendant's actions must be fairly

---

[4]      Although the text of the complaint provides almost no detail about
the factual basis for this claim, the lawsuit filed by the plaintiff in 2003
provides background. According to the dismissal order in that case:

> Plaintiff alleges he was told in February 2001 that he would
> receive a total joint replacement due to heavy bone damage and
> damaged cartilage tissue; however, he received a hip implant
> instead. He claims that the orthopedic surgeon did not cut away
> damaged bone and cartilage [t]issue and did not restore the joint to
> its correct position. He further claims that the dynamic hip screw
> causes extreme trauma pains and that his left leg is shorter than
> his right leg because of the hip screw implant.

> He sues the Defendants because of the "distribution and
> implanting of a violative orthopaedic trauma that has a fixation
> failure history that causes deaths."

Pierson v. Gonzales, No. 5:03-CV-015-C, slip op. at 1. It appears that the
defendant in this case manufactured the medical device that was implanted in the
plaintiff in 2001.

6

attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997). Nothing in the complaint provides any basis for attributing state action to the defendant, and the complaint does not allege any violations of the United States Constitution or federal law. Accordingly, the complaint fails to state a claim pursuant to 42 U.S.C. § 1983.

The Court could construe the complaint as an attempt to invoke the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332, in order to bring a products liability claim against the defendant for an unspecified, defective medical device. Any such claim would, however, be barred by the applicable statute of limitations. A one-year statute of limitations is applicable to personal injury actions in Tennessee. Tenn. Code Ann. § 28-3-104(a)(1). If Texas law is applicable, the statute of limitations is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). The operation in this case occurred in 2001, and the plaintiff's injury accrued no later than the date on which he filed his suit against the doctors on January 23, 2003. The complaint in this case was signed on June 28, 2005 and, even if it were deemed to be filed on that date, <u>Houston v. Lack</u>, 487 U.S. 266 (1988), it would be time barred.

Accordingly, the Court DISMISSES the complaint, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5]  In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA.  However, as this is the third dismissal of one of plaintiff's cases for failure to state a claim or as frivolous,[6] 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if Pierson files a notice of appeal, he is required to remit the entire filing fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

IV.   Imposition of Restrictions on Filing Privileges

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the third dismissal in this

---

[5]     The fee for docketing an appeal is $100.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[6]     See supra p. 2 n.2.

district of one of his cases for failure to state a claim or as frivolous.[7] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Pierson is plainly a prisoner within the meaning of the statute. Accordingly, it is hereby ORDERED that Billy G. Pierson not be permitted to file any further actions in forma pauperis, during any time he is a prisoner within the meaning of 28 U.S.C. § 1915(h), without first obtaining leave of court, which will not be granted unless he is in imminent danger of serious physical injury. Any action filed by Pierson must be accompanied by the civil filing fee or by allegations sufficient to show that, at the time of filing the action, he is under imminent danger of serious physical injury. Any complaint that does not allege that Pierson is under imminent danger of serious physical injury, or is not accompanied by the $250 civil filing fee, will be dismissed and the civil filing fee will be assessed.

IT IS SO ORDERED this 30th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[7]     See supra p. 2 n.2.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02488 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

Billy G. Pierson
907177
TDC-D, Pack 1 - Unit
2400 Wallace Pack Rd.
Navasota, TX 77869

Honorable J. Breen
US DISTRICT COURT